USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/15

TS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED STATES OF AMERICA

      -against-

IVELISSE ROQUE SANTANA, et al,

      Defendants.
-------------------------------------------------------------------x

**Opinion and Order**
13 CR 147 (KMW)

KIMBA M. WOOD, District Judge:

## I.   Background

Flor Soto, Yanira Grant, Janier Castillo and Eliana Sarmiento ("Defendants") were charged with Conspiracy to Steal Government Funds (defendants Castillo, Grant, Soto and Sarmiento), Theft of Government Funds (defendants Castillo, Grant, Soto and Sarmiento), Identity Theft Conspiracy (defendants Castillo and Grant, ) and Aggravated Identity Theft (defendants Castillo, Grant, Soto and Sarmiento ), in violation of 18 U.S.C. §§ 371, 641 & 2, 1028(f) and 1028(a)(1), (c)(1) & 2.

Defendants filed pretrial motions seeking: (1) a bill of particulars (defendants Soto, Grant, Castillo and Sarmiento); (2) further discovery pursuant to Federal Rule of Criminal Procedure 16 (defendant Grant); (3) immediate production of Brady and Giglio material (defendants Soto and Grant); (4) notice of evidence of prior bad acts or crimes that will be introduced as against those defendants, including pursuant to Federal Rule of Evidence 404(b) (defendants Soto and Grant); and (5) severance of trial (defendant Castillo). The Government opposes each of these requests.

On January 7, 2015, the Government filed its Memorandum of Law in Opposition to

Defendants Soto, Grant and Castillo's Pretrial Motions ("Govt. Response, Jan. 7, 2015".) On February 4, 2015, Defendant Castillo filed her Reply Memorandum of Law ("Castillo Reply".) On February 23, 2015, the Government filed its Memorandum of Law in Opposition to Defendant Sarmiento's Pretrial Motions ("Govt. Response, Feb. 23, 2015".)[1]

For the reasons that follow, the Court DENIES Defendants' motions.

## II.    Motion for Bill of Particulars

Defendants move for a bill of particulars setting forth: (1) a complete list of all overt acts that the government alleges were committed in furtherance of the conspiracy, along with the date, location and nature of all alleged overt acts (defendants Soto and Grant); (2) the names of all co-conspirators, and their roles and actions in the conspiracy (defendants Soto, Grant, Sarmiento and Castillo); (3) the dates, times and locations of any meeting or conversations with co-conspirators (defendant Soto); (4) the exact employment relationship with K&S Tax solutions (defendant Soto); (5) the dates during which defendant was a member of the conspiracy (defendant Grant); (6) the identification and date of each check allegedly stolen by defendant (defendant Grant); (7) particularized identification of all tax refunds filed and received by defendant or with defendant's assistance (defendants Sarmiento and Castillo) and (8) particulars regarding how defendant aided and abetted the theft of personal information, and the identities of those persons whose personal information was allegedly stolen (defendant Sarmiento.) For the reasons that follow, the Court denies Defendants' motion for a bill of particulars.

---

[1] The Court did not receive a courtesy copy of the Government's memoranda, nor was the Court notified by the parties with a full set of courtesy copies of the motions once they were fully briefed, both of which are required by this Court's individual rules.

A.   Governing Law

"The Court may direct the government to file a bill of particulars." See Fed. R. Crim. P. 7(f). A bill of particulars "is appropriate to permit a defendant 'to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense.'" United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988)(quoting United States v. Bortnovsky, 820 F.2d 572, 574 (2d. Cir. 1987)). A bill of particulars is required only when the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused. See United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990). "If the Government has provided the needed information in some other satisfactory form, then no bill of particulars is required." United States v. Trippe, 171 F.Supp.2d 230, 240 (S.D.N.Y. 2001).

B.   Analysis

In addition to the indictments, the Government has provided Defendants with the identities of their primary co-conspirators and with extensive and well indexed discovery. (Govt. Response, Jan. 7, 2015, at 12.) The Government has further assisted Defendants by voluntarily explaining the Government's understanding of the Defendants' roles in the conspiracies and by identifying discovery materials corroborating Defendants' participation in the conspiracies. (Id. at 12-13.) The Government provided lists of the false tax returns filed by the conspirators; exemplars of entire tax returns for a subsection of the returns; and, where the information was available, which of the co-conspirators filed a particular tax return. (Govt. Response, Feb. 23, 2015, at 7-8.)

"The Government . . . need not particularize its evidence unless the requested

3

particularization is necessary to give the defendant enough information about the offense charged so that he may, by the use of diligence, prepare adequately for trial." Trippe, 171 F. Supp. 2d at 240. Courts have declined "to treat a bill of particulars as a general investigative tool for the defense, or as a device to compel disclosure of the Government's evidence." United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987). In this circuit, "[d]emands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied." Trippe 171 F. Supp. 2d at 240. See also Torres, 901 F. 2d at 233-34 (affirming the denial of a request for a bill of particulars that sought the date defendant joined the narcotics conspiracy, the identities of the co-conspirators, and the precise dates and locations relating to overt acts involved in the conspiracy).

For these reasons, this Court finds that the indictments and the discovery thus far provided by the Government sufficiently advise the Defendants of the Government's case against them. The Defendants are already aware of their primary co-conspirators, and have received extensive and well indexed discovery from the Government. The Government has voluntarily responded to many of the Defendants' requests for further information and has also disclosed its theories of the Defendants' various roles in the conspiracy.

## II.   Motion for Further Discovery Pursuant to Rule 16

Defendant Grant moves for an order directing the Government to provide certain materials under Rule 16. (Sharkey Notice of Motion, Nov. 26, 2014, at 1.) The Government states that it has provided defense counsel with any Grant statement(s) to law enforcement, vouchers for all evidence seized in this case, all documents in the Government's possession that it intends to use at trial or that may be material to the defense, and the opportunity to inspect all physical and computer evidence recovered in this case. (Govt. Response, Jan. 7, 2015, at 8.) The

4

Government states it will continue to meet its obligations under Rule 16 in the event that further Rule 16 material is developed. (Id. at 9.) Finally, the Government states that it is aware of its obligations under Rules 702, 703 and 705 of the Federal Rules of Evidence and Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, and will provide expert disclosure sufficiently in advance of calling expert witnesses at trial. (Id.) The Court accepts the Government's affirmation that it has complied and will continue to comply with its Rule 16 obligations and thus denies defendant Grant's motion. See United States v. Dewar, 489 F. Supp. 2d 351, 355 (S.D.N.Y. 2007) (Robinson, S.) ("This Court has no reason to believe that the Government has not acted reasonably and in good faith to comply with its Rule 16 obligations to date and will continue to do so, and is satisfied with the Government's representations.")

### III.     Motion for the Production of Brady and Giglio Material

Defendants move for an order directing the Government to disclose all Brady material. (Garber Decl., Dec. 8, 2014, at 1 and Sharkey Notice of Motion, Nov. 26, 2014, at 1.) The Government states that it is aware of its obligations under Brady, but that, to date, it is unaware of any Brady material regarding the Defendants. (Govt. Response, Jan. 7, 2015, at 13.) The Government states that it will make timely disclosure if any such Brady material comes to light. (Id.) The court accepts the Government's statement that it will comply with its Brady obligations.

Defendants also move for the disclosure of witness impeachment material, pursuant to Giglio v. United States, 405 U.S. 150 (1972). The Government states that it is aware of its obligations under Giglio, and that it will provide Giglio material to the Defendants at the same time it produces Jencks Act material. (Govt. Response, Jan. 7, 2015, at 16.) The Court accepts the Government's statement that it will comply with its Giglio obligations and provide the Giglio

5

material in time for its effective use at trial. See United States v. Coppa, 267 F.3d 132, 145-46 (2d Cir. 2001) (holding that the Government is not required to produce Giglio material until it produces Jencks Act material, as long as the Giglio material is provided in time for its effective use at trial.)

Accordingly, the Defendants' requests for immediate disclosure of Brady and Giglio material is denied.

### IV.    Motion for Disclosure of Rule 404(b) Evidence

Defendants move for an order directing the Government to provide "bad act" or "similar course of conduct" evidence in advance of trial. (Garber Decl., Dec. 8, 2014, at 1-2, and Sharkey Notice of Motion, Nov. 6, 2014, at 6.)

Federal Rule of Evidence 404(b) allows for the admission of evidence of "other crimes, wrongs, or acts" for "purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Rule 404(b) requires that "the prosecution in a criminal case. . . provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." Id. Notice given ten business days before trial has been held to be adequate notice under Rule 404(b). See Trippe, 171 F. Supp. 2d at 237. The Government states that they will provide such notice three weeks prior to trial (Govt. Response, Jan. 7, 2015, at 16.) The Court finds that such notice is reasonable.

### V.    Motion for Severance

Defendant Castillo moves to have her trial severed from that of the other defendants charged in this case, arguing that Castillo would be unfairly prejudiced in a joint trial because: (1) evidence that would be introduced against the other defendants would "spill over" to Castillo

6

and unfairly increase the likelihood that the jury would find her guilty by association; and (2) Castillo would be denied her right to confrontation if the Government offers the other defendants' statements to law enforcement into evidence. (Castillo Memorandum, Nov. 26, 2014, at 18.)

    A.    <u>Governing Law</u>

Pursuant to Federal Rule of Criminal Procedure 14 ("Rule 14"), the Court has discretion to sever properly joined charges where joinder would result in undue prejudice to a defendant.[2] Fed. R. Crim. P. 14(a); <u>See also</u> <u>United States v. Rittweger</u>, 524 F.3d 171, 179 (2d Cir. 2008). However, "for reasons of economy, convenience and avoidance of delay, there is a preference in the federal system for providing defendants who are indicted together with joint trials." <u>United States v. Feyrer</u>, 333 F.3d 110, 114 (2d Cir. 2003). "Acknowledged in this policy is the inevitable tolerance of some slight prejudice to codefendants, which is deemed outweighed by the judicial economies resulting from the avoidance of duplicative trials." <u>United States v. Cardascia</u>, 951 F.2d 474, 482 (2d Cir. 1991). Thus, severance should be granted "only if there is a serious risk that a joint trial would compromise a specific right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993). "Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." <u>Id</u>. However, "the fact that evidence may be admissible against one defendant but not another does not necessarily require a severance." <u>United States v.</u>

---

[2] Rule 14 provides, in relevant part: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

7

Carson, 702 F.2d 351, 367 (2d Cir. 1983). Even in cases that have a high risk of prejudice, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539. Indeed, "limiting instructions to the jury have emerged as the preferred device for curing any prejudicial spillover that may result from a multi-defendant, multi-count trial." United States v. Santiago, 174 F. Supp. 2d 16, 22 (S.D.N.Y. 2001) (Marrero, J.)

B.   Analysis

Castillo argues that because she was indicted as part of the third "wave" of indictments in this case and she is not charged with any conspiracy or fraudulent activity related to the sale or purchase of EFINs, there would be spillover prejudice if she were to be tried with defendants who were charged in the scheme involving the procurement of EFINs. The Government asserts, and the Court accepts, that the scheme to file false tax returns in which Castillo was charged was facilitated by the defendants' efforts in the scheme to procure EFINs to use in the filing of false tax returns, and thus they are inextricably intertwined. (Govt. Response, Jan. 7, 2015, at 17.) There is no reason to believe that a limiting instruction would not effectively mitigate any potential prejudice in this case. See Zafiro, 506 U.S. at 539. The Court will provide appropriate instructions to the jury with respect to the differences in the nature of the charges against each defendant, what evidence can and cannot be considered against a particular defendant, and the need to consider the evidence against each defendant individually for each charge. See e.g., Rittweger, 524 F.3d at 179 (rejecting claim of prejudicial spillover where "the district court gave limiting instructions throughout the trial explaining when evidence could not be considered against a particular defendant, and the jury charge carefully explained that the jurors must consider the case against each defendant separately"); United States v. Salameh, 152 F.3d 88, 116 (2d Cir. 1998)(finding risk of prejudicial spillover mitigated by

8

district court's "repeated admonitions to the jury that each defendant's guilt had to be separately and individually considered").

Castillo argues that her right of confrontation will be denied at a joint trial because of the "strong likelihood that she will be unable to cross-examine the other defendants concerning any incriminating statements they made that are introduced by the government." (Castillo Memorandum at 20.) Castillo asserts that if the Government offers co-defendants' statements to law enforcement at trial, and those co-defendants do not testify, the admission of their incriminating statements will deprive Castillo of her Sixth Amendment right to cross-examine the witnesses against her. See Bruton v. United States, 391 U.S. 123, 126 (1968)(holding that the admission of a co-defendant's confession which implicated another defendant violated that defendant's Sixth Amendment right of confrontation).  The Government states, and the Court accepts, that at this time it does not intend to introduce any post-arrest statements of one defendant so as to inculpate another. (Govt. Response, Jan. 7, 2015, at 17.)  If that intention changes, the Court will entertain a renewal motion for severance.

Accordingly, the Court denies defendant Castillo's motion for severance.

## VI.  Conclusion

In conclusion, for the reasons explained above, the Court DENIES the Defendants' pretrial motions.  A pretrial conference will be held on Monday, October 19, 2015, at 11:00 a.m.

SO ORDERED.

Dated: New York, New York
October  /  , 2015

_____
KIMBA M. WOOD
United States District Judge